## Heinrich Mette & Company v. Walter S. Schell, Inc.

*Paul A. Kunkel,* for plaintiff.

*Metzger & Wickersham,* for defendant.

HARGEST, P. J., January 2, 1940.—This case comes into this court on an appeal from the judgment of an alderman.

We heretofore filed an opinion on a petition to allow the appeal nunc pro tunc and allowed the same. Subsequently, on May 31, 1939, plaintiff filed a statement of claim. Defendant thereupon filed a motion to strike off the statement of claim. On June 15, 1939, plaintiff, through its attorney, filed an answer to the rule to strike off the statement of claim, and on September 14, 1939, plaintiff filed an amendment. On October 5, 1939, defendant filed an affidavit of defense in which it averred that "it has a full and complete defense to further proceedings in the above-stated matter, the nature and character of which are as follows;" and then set out certain matters which are also averred in a petition to show cause why the proceedings should not be stayed until the German Government permits actions to be instituted in the proper courts of Germany against its citizens from whom the German Government had previously taken and confiscated funds belonging to American citizens, and also for a rule to show cause why plaintiff should not enter security for costs. An answer to this rule was filed. On October 19, 1939, plaintiff also filed a motion for judgment for want of a sufficient affidavit of defense. The filing of the last motion indicates that plaintiff desires to further use the process of this court for the determination of the legal question involved in advance of the trial.

Plaintiff is a corporation created by the German Government. Rule 73 of this court provides, as to plaintiffs who reside out of the State:

"The defendant on motion and affidavit showing a just defense against the whole demand may have a rule that the plaintiff give security for costs before the next term."

The records disclose that this suit is brought to recover the price of a quantity of onion sets which defendant purchased by mail from plaintiff. Prior to the purchase of the onion sets, defendant had sent a certain amount of money to another citizen and resident of Germany to pay cash in advance for canaries to be shipped from Germany to defendant. When the money arrived in Germany it was confiscated by the German Government and the canaries were never shipped. Subsequently, defendant attempted to sue the canary dealer in the German courts and was not permitted to proceed by the laws of Germany because Germany will permit no money to be sent abroad. The present German creditor now seeks to be permitted to use the process of the Pennsylvania courts to collect its claim from a Pennsylvania citizen when that same Pennsylvania citizen has had the money it sent to a German citizen confiscated by the German Government. If plaintiff were successful, it would follow that money may be collected by this German citizen and sent to Germany when the German Government will allow no collection of money by this same Pennsylvania citizen to be made in Germany and transmitted here. We are of opinion that a very serious legal question is raised, and certainly we should not permit the German citizen to have us pass upon his motion for judgment for want of a sufficient affidavit of defense nor to proceed to the determination of this legal question until security for the costs is first given.

Counsel for plaintiff contends that the rule has not been complied with in that defendant has not averred that he has "a just defense against the whole demand"; but the affidavit of defense filed by defendant avers that "it has a full and complete defense to further proceedings in the above-stated matter." We think this is a sufficient compliance with the rule, and before this foreign

plaintiff may use the process of this court, security for costs should be entered.

The disposition of the other rules will be postponed until such security is entered.

And now, January 2, 1940, the rule to show cause why plaintiff should not give security for costs is hereby made absolute.